**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000346
29-MAY-2020
08:22 AM

NO. CAAP-19-0000346

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DIEGO I. AVALOS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
ʻEWA DIVISION
(CASE NO. 1DCW-17-0003666)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

Defendant-Appellant Diego I. Avalos (**Avalos**) appeals from the Judgment and Notice of Entry of Judgment (**Judgment**), filed on March 18, 2019, in the District Court of the First Circuit, ʻEwa Division (**District Court**).[1]

Following a bench trial, Avalos was convicted of Sexual Assault in the Fourth Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-733(1)(a) (2014).[2] On appeal, Avalos contends there was insufficient evidence to support his

---

[1] The Honorable Sherri-Ann Iha presided.

[2] HRS § 707-733(1)(a) provides, in relevant part:

> **Sexual assault in the fourth degree.** (1) A person commits the offense of sexual assault in the fourth degree if:
>
> (a) The person knowingly subjects another person, not married to the actor, to sexual contact by compulsion or causes another person, not married to the actor, to have sexual contact with the actor by compulsion[.]

conviction, specifically, to prove that the alleged conduct was committed "by complusion" and that Avalos was the person who committed the offense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Avalos's point of error as follows:

Sufficient evidence to support a conviction requires substantial evidence as to every material element of the offense charged. State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting State v. Ferrer, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)). Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. The evidence must be "viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," who must "determine credibility, weigh the evidence, and draw justifiable inferences of fact." Id.

As relevant here, a person commits the offense of sexual assault in the fourth degree if the person knowingly subjects another person, not married to the actor, to sexual contact by compulsion. HRS § 707-733(1)(a). "'Sexual contact' means any touching, other than acts of 'sexual penetration', of the sexual or other intimate parts of another, . . . whether directly or through the clothing or other material intended to cover the sexual or other intimate parts." HRS § 707-700 (Supp. 2016). Touching the buttocks constitutes sexual contact under HRS § 707-700. State v. Silver, 125 Hawaiʻi 1, 7, 249 P.3d 1141, 1147 (2011). "'Compulsion' means absence of consent, or a threat, express or implied, that places a person in fear of public humiliation, property damage, or financial loss." HRS § 707-700 (2014). "Consent signifies voluntary agreement or concurrence." State v. Adams, 10 Haw. App. 593, 605, 880 P.2d 226, 234 (1994) (citing Webster's Third New International Dictionary (1981) at *482). Here, a conviction for violation of HRS § 707-733(1)(a) required proof beyond a reasonable doubt that

the complaining witness (**CW**) was not married to Avalos and did not consent to sexual contact by Avalos, and that Avalos knew he did not have the CW's consent to engage in such contact. See id. (statute requires proof beyond a reasonable doubt of compulsion in the context of sexual penetration under HRS § 707-731(1)(a)).

At trial, CS, a friend of the CW, testified to the following:  At the time of the incident on December 8, 2016, CS had known the CW for a few months.  During that time, the CW was in a relationship with a man who was not then in the courtroom, i.e., not Avalos.  On December 8, 2016, Avalos made physical contact with the CW at Pearlridge Shopping Center, which is in the City and County of Honolulu.  While CS, the CW, and two other women were walking in a crosswalk in a parking lot, Avalos and two other men walked toward them, and Avalos "just reached around and grabbed [the CW] from the side, then took off running." "They had came up and reached and grabbed [the CW's] behind pretty aggressively as [Avalos] shouted some type of challenge like, [g]rab her butt or run away, something along the line of that."  Avalos "just groped her . . . [i]t was more an aggressive like grab . . . for at least two seconds."  Avalos then "took off in the other direction" and "[h]is friends pretended as if they didn't even know who he was as we were trying to question." After the incident, the CW "pulled out her phone and immediately started following [Avalos]."  She "hollered out that she was going to call the police and that it was inappropriate[, a]nd she asked for him to come back or hollered at him to come back."  CS followed Avalos's friends "to see if they would link up."  The CW and CS's sister "did their best to follow [Avalos,] [b]ut he was in a sprint rather, so they lost him fairly quickly."  As CS and her friend were leaving the mall through T.J. Maxx, they "saw the car, a black Honda, pull up with the same male driving it[,]" so they "took a picture of his license plate[,]" "went back to [the CW] to report that [they] had seen him[,]" and gave the police all of that information.

In further testimony, CS clarified the following:  At the time of the incident, Avalos was "coming towards [CS], so

[she] could see his face[.]"  During the incident, Avalos said, "Grab her ass and run away.  He spoke his action as he did it.  It was like a challenge between his friends."

The District Court credited CS's testimony, stating:

> So based on the witness's testimony of the complaining witness's reaction as well as the defendant's reaction, defendant yelling out his -- his utterance as he ran away from the scene, it clearly shows that there was no consent in this case and there was offensive touching.
>
> So the Court is going to find the defendant guilty as charged.

On appeal, Avalos contends "there was not substantial evidence to find compulsion" – that "one can just as easily speculate that the individuals may have known each other prior to the incident and conclude consent."  Avalos further contends there was no evidence that CS was "able to correctly ascertain or interpret the reaction of [the CW]" to the incident.  Finally, Avalos argues that based on CS's testimony, "she could not have had a clear view of the perpetrator's face in order to identify whether it was indeed Avalos."

We decline, however, to pass upon issues regarding the credibility of witnesses and the weight of the evidence, which are within the province of the trier of fact — here, the District Court.  See State v. Stocker, 90 Hawaiʻi 85, 90, 976 P.2d 399, 404 (1999) (quoting State v. Lee, 90 Hawaiʻi 130, 134, 976 P.2d 444, 448 (App. 1999)); State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999).  Upon review of the record, we conclude there was substantial evidence that Avalos subjected the CW, who was not married to Avalos, to sexual contact by touching her buttocks.  We further conclude that based on the actions and reactions of Avalos and the CW, and the inferences fairly drawn from all of the circumstances, the District Court could reasonably have inferred that the CW did not consent to the sexual contact and that Avalos knew he did not have the CW's consent to engage in the contact.  See Stocker, 90 Hawaiʻi at 92, 976 P.2d at 406.  Accordingly, on this record, the evidence was sufficient to support Avalos's conviction for Sexual Assault in the Fourth Degree.

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, filed on March 18, 2019, in the District Court of the First Circuit, ʻEwa Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 29, 2020.


On the briefs:

Andrew I. Kim,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Katherine G. Leonard
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge